## General Finance Company v. Schmerbach et ux.

*David S. Malis*, for plaintiff; *Morris & Kirby*, for defendant.

ALESSANDRONI, J., January 20, 1931.—A writ of replevin was issued on May 27, 1930. The statement of claim set forth that the plaintiff corporation leased a Windsor coupé automobile to the defendants in accordance with the terms of an agreement thereto attached. It averred that the defendant defaulted in the conditions of the lease by failing to make certain weekly payments, as a result of which the defendants' right of possession and interest in the automobile ceased and the title and right of possession rested solely in the plaintiff.

The affidavit of defense admitted the leasing of the automobile under the agreement alleged, but averred that the execution of the agreement was obtained by misrepresentations as to certain attributes of the automobile. The defendant sets forth that judgment was entered in C. P. No. 2, as of March Term, 1930, No. 2831, on the lease agreement and that a levy was made under that judgment on the automobile replevied. It is further alleged that Jene Schmerbach is a married woman and cannot be held liable.

The rule for judgment for want of a sufficient affidavit of defense in replevin should be made absolute. Nowhere in the affidavit of defense are facts set forth which would indicate that title or the right of possession rested in the defendants.

"The Act of April 19, 1901, P. L. 88, provides that a defendant who desires to contest, in court, the title to or right of possession of property replevied, must file an affidavit of defense 'setting up the facts denying the plaintiff's title and showing his own title to said goods and chattels,' and authorizes the court to enter judgment in favor of the plaintiff 'for such goods and chattels as to which the court may adjudge the affidavit insufficient.' The sufficiency

180

of such an affidavit must be determined by the same rules that control in other actions where like affidavits are required. It must state frankly and fairly facts that support the claim advanced; not legal conclusions or mere inferences drawn by affiant:" Miller *v.* Jackson, 34 Pa. Superior Ct. 31.

The matter alleged by the defendant might possibly be raised in another proceeding, but they have no place in a replevin proceeding which only involves title and right of possession.

The rule for judgment as to the automobile replevied should, therefore, be made absolute.

And now, to wit, January 20, 1931, the rule for judgment for want of a sufficient affidavit of defense in replevin is made absolute as to the Windsor coupé automobile bearing motor No. 15S653 and chassis No. 13031.